## GOLD v. UNITED STATES.
### No. 4707.

Circuit Court of Appeals, Seventh Circuit.
June 24, 1932.

Rehearing Denied Oct. 3, 1932.

Harry I. Weisbrod, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Walter E. Wiles, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

This appeal presents two questions, both of fact. Was the evidence sufficient to justify a search of an automobile truck and the seizure of the liquor found therein without the authorization of a search warrant? Was the evidence sufficient to sustain appellant's conviction?

The answer to the second question turns largely upon the determination of the first. For if the evidence seized be excluded, little is left of the government's case. If, on the other hand, such evidence were lawfully obtained and therefore admissible against appellant upon the trial, little remains of appellant's case, save what might be called a fairy story which appellant related to the jury and which the jury heard, weighed, and rejected.

Respecting the meat and the merit of the story which the prohibition agent told and the facts upon which he acted and which caused him as a reasonably prudent man to believe that the truck seized belonged to a purveyor of wet goods of the character described and condemned in the National Prohibition Act (27 USCA), little need be said. The circumstantial trustworthiness of the details of the story told by the prohibition agent may be stoutly debated. But the persuasive proof of the soundness of the belief is demonstrable by the results. U. S. v. Vatune (D. C.) 292 F. 497. What the prohibition agent saw on the morning he stopped appellant and seized his truck would not have justified his action in seizing the truck. But the other information upon which he acted, and which dealt with the coming and going of automobile trucks at a certain place and a certain time each morning and the removal of certain packages, justified the court's conclusion that the agent had probable cause to believe the truck was carrying liquor in violation of the National Prohibition Act, title 2, § 26 (27 USCA § 40). Measured by the ruling, as well as the test announced by Carroll v. U. S., 267 U. S. 155, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, this evidence supports the conclusion that the search of the truck and the seizure of the goods were justifiable. With this evidence admitted, the issue of appellant's guilt is removed from the realm of debatable issues.

The judgment is affirmed.